667 F.2d 25
 2 Ed. Law Rep. 57
 Roy HUGHLEY, Rev. Robert L. Curtis, Jr., David N. Wood,
Anthoney Alexander, Sr., Floyd Miller, and N. A.
A. C. P. of Pike County, Georgia,
Plaintiffs-Appellants,
v.
J. Ronald ADAMS, Steve Ballard, etc., et al., Defendants-Appellees.
 No. 81-7068.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 1, 1982.
 
 Christopher Coates, Laughlin McDonald, Neil Bradley, Atlanta, Ga., for plaintiffs-appellants.
 Bridges, Connell & Snow, Richard T. Bridges, Alan W. Connell, Thomaston, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before THORNBERRY*, FAY and HATCHETT, Circuit Judges.
 THORNBERRY, Circuit Judge:
 Plaintiffs filed this voting rights action on February 20, 1980, seeking declaratory and injunctive relief concerning the method for electing the Pike County (Georgia) Board of Education. Following a three-judge district court hearing and a district court trial, the parties agreed that the two laws governing the school board elections were unenforceable. The district court therefore requested redistricting proposals from the parties and, in its Order and Memorandum Opinion of September 23, 1981, adopted the plan submitted by the defendant school board. The district court, however, not having the benefit of the Supreme Court's decision in McDaniel v. Sanchez, --- U.S. ----, 101 S.Ct. 2224, 68 L.Ed.2d 724 (1981), did not submit the plan to the Justice Department for preclearance under section 5 of the Voting Rights Act. Because McDaniel v. Sanchez clearly requires preclearance of the plan adopted by the district court,[1] we remand the case in order to allow submission of the plan to the Justice Department. We also decline, for reasons of ripeness, to consider plaintiffs' remaining objections to the plan before it has received preclearance.
 REMANDED.
 
 
 
 *
 Honorable Homer Thornberry, Circuit Judge for the U. S. Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [1]
 As in McDaniel v. Sanchez, the plan adopted by the district court was designed by the defendants and thus reflected the policy choices of the elected representatives of the people, regardless of the power of those representatives to enact the plan themselves. It is therefore a "legislative" plan, subject to the Voting Rights Act preclearance requirement